# LAW OFFICES OF
## UGO UZOH, P.C.

255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiffs

--------------------------------X--------------------------

| | |
|---|---|
| DENARD BROWN, BENEDICTA CHARLES, | :**UNITED STATES DISTRICT COURT** |
| MICHAEL PERCHIANO, TERRELL | :**EASTERN DISTRICT OF NEW YORK** |
| ERSKINE, an infant under the age | : |
| of 18 years, by his aunt and | :CASE No.:10 CV 634 (RRM)(RER) |
| legal guardian, BENEDICTA CHARLES,: | |
| SHAQUISHA BROWN, an infant under | : |
| the age of 18 years, by her mother: | |
| and natural guardian, BENEDICTA | : |
| CHARLES, | :CIVIL ACTION |
| Plaintiff(s), : | |
| | :**AMENDED COMPLAINT** |
| | : |
| against | : |
| | : |
| THE CITY OF NEW YORK, P.O. | : |
| RODRIGUEZ, P.O. VINCENT LOPICCOLO | :**PLAINTIFFS DEMAND** |
| [SHIELD# 522], P.O. MICHAEL ZAK | :TRIAL BY JURY |
| [SHIELD# 30490], P.O. JON FAHIM | : |
| [SHIELD# 31415], JOHN DOE and | : |
| JANE DOE, | : |
| Defendant(s). : | |

--------------------------------X--------------------------

    TAKE NOTICE, the Plaintiffs, Denard Brown, Benedicta Charles, Michael Perchiano, Terrell Erskine, an infant under the age of 18 years, by his aunt and legal guardian, Benedicta Charles, and Shaquisha Brown, an infant under the age of 18 years, by her mother and natural guardian, Benedicta Charles, collectively referred to as the plaintiffs, hereby appear in this action by their attorneys, The Law Offices of Ugo Uzoh, P.C., and demand that all papers be served upon them, at the address below, in this matter.

    Plaintiffs, by their attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York, P.O. Rodriguez, P.O. Vincent Lopiccolo [Shield# 522], P.O. Michael Zak [Shield# 30490], P.O. Jon Fahim [Shield# 31415], John Doe and Jane Doe, collectively referred to as the defendants, upon information and belief allege as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the malicious actions and negligence of the defendants, arising from the illegal and unlawful arrest and detention of plaintiffs in August and October 2009, and the serious and permanent personal injuries sustained by the plaintiffs as a result of the assault, arrest, detention and or excessive use of force by the defendants.

## JURISDICTION

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(a), and this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, treaty, customary international law and norms, custom and usage of a right, privilege and immunity secured to the plaintiffs by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 U.S.C § 1983 and under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

4.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5.   As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

6.   Plaintiffs reside in Staten Island, New York and are residents of the State of New York.

7.   Defendants P.O. Rodriguez, P.O. Vincent Lopiccolo [Shield# 522], P.O. Michael Zak [Shield# 30490], P.O. Jon Fahim [Shield# 31415], John Doe and Jane Doe, collectively referred to as defendant Police Officers, are Police Officers and at all times relevant to this action are Police Officers of the City of New York Police Department and are acting under color of state law. Said Police Officers are being sued in both their individual and official capacities.

8.   The defendant City of New York is a municipality in the State of New York and employs defendant Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.   On or about August 7, 2009, at approximately 3:00PM, defendant Police Officers assigned to the New York Police Department's 120th Precinct, without probable cause and or justification, arrested Michael and Terrell at or within the corner of Wall Street and St. Mark's Pl, Staten Island, New York, Richmond County, and falsely charged Michael and Terrell with PL 221.10 'Criminal possession of marihuana in the fifth degree.' Further, on or about October 1, 2009, at approximately 6:00AM, defendant Police Officers assigned to the New York Police Department's 120th Precinct, without probable cause and or justification, arrested Michael, Terrell, Shaquisha and Mr. Brown at their home which is located at 185 St. Marks Pl, Staten Island, New York, Richmond County, and falsely charged Michael and Terrell with PL 221.05 'Unlawful possession of marihuana.'

10.  Prior to the August 7, 2009 arrest, Michael and Terrell were returning home from a barber shop when they were suddenly cut off and stopped on their path by defendant Police Officers who immediately asked them "where are the drugs", and ordered them to give them the drugs. Since Michael and Terrell did not have any drugs or illegal substances on them, Michael and Terrell duly informed

defendant Police Officers that they did not know what they were talking about and that they did not have anything illegal on them. The moment Michael and Terrell informed defendant Police Officers that they did not have anything on them, defendant Police Officers became enraged and agitated, and threatened to detain and incarcerate Michael and Terrell for a lengthy period of their life. Despite the fact that Michael and Terrell informed defendant Police Officers that they did not have any drugs or anything illegal on them, defendant Police Officers still proceeded to order Michael and Terrell to submit themselves to an illegal bodily search and, thereafter, subjected them to an illegal and intrusive bodily search.

11.   Despite the fact that defendant Police Officers did not find any drugs or anything illegal on Michael and Terrell, defendant Police Officers nonetheless proceeded to place Michael and Terrell under arrest. The defendant Police Officers tightly handcuffed Michael and Terrell with their hands placed behind their backs and transported Michael and Terrell to the NYPD-120th Precinct. While at the Precinct, Michael and Terrell were interrogated for several hours by several police officers, and were subsequently pedigreed and placed in a holding cell where they were held for a lengthy period of time.

12.   Eventually, Michael and Terrell were charged with PL 221.10 'Criminal possession of marihuana in the fifth degree.'

13.   That Michael and Terrell were eventually released, but subsequently returned to the Criminal Court to defend the false and malicious charges that were levied against them by the defendants. On or about September 7, 2009, the court, without obtaining plaintiffs' prior consent, dismissed the false charges levied against Michael and Terrell on the basis of ACD.

14.   Subsequently, on or about October 1, 2009, defendant Police Officers broke down the entrance door to plaintiffs' home and stormed and or forced their way into plaintiffs' home with their guns and or weapons drawn. Upon gaining entrance and or forcing their way into plaintiffs' home, defendant Police Officers began to yell and scream loudly using profane and derogatory words and language in the process. The defendant Police Officers immediately placed Michael, Terrell, Shaquisha and Mr. Brown under arrest and tightly handcuffed their hands behind their backs. The defendant

Police Officers in a spate of rage and anger grabbed Michael from his bed and threw him down to the floor with great force causing Michael to sustain serious injuries and experience severe pain and trauma. Although Shaquisha and Mr. Brown requested defendant Police Officers to loosen the handcuffs as the handcuffs were cutting deep into their skin causing them grave pain and trauma, defendant Police Officers nonetheless ignored their entreaties. Additionally, defendant Police Officers did not allow plaintiffs to use their restroom.

15. As during the August 7, 2009 arrest, defendant Police Officers kept asking "where are the drugs" and insisted that plaintiffs must give them the drugs. Since plaintiffs did not have any drugs or illegal substances at their home, plaintiffs duly informed defendant Police Officers that they did not know what they were talking about. Even though plaintiffs informed defendant Police Officers that they did not have any drugs or anything illegal at their home, defendant Police Officers still proceeded to order plaintiffs to submit themselves to an illegal bodily search, and thereafter subjected plaintiffs to an illegal and intrusive bodily search. Additionally, defendant Police Officers turned plaintiffs' home upside down as they were apparently searching for drugs and or illegal substances. During the illegal and intrusive search, defendant Police Officers ruined, thrashed, damaged and or destroyed several items and personal belongings at plaintiffs' home including but not limited to plaintiffs' closet, dresser, PS3, clothes and radiator.

16. Despite the fact that defendant Police Officers did not find any drugs or anything illegal, defendant Police Officers nonetheless proceeded to transport Michael and Terrell to the NYPD-120th Precinct. While at the Precinct, Michael and Terrell were interrogated for several hours by several police officers, and were subsequently pedigreed and placed in a holding cell where they were held for a lengthy period of time. During the entire time plaintiffs were still restrained with handcuffs. Even though plaintiffs repeatedly informed defendant Police Officers that they did not commit any crime or offense, defendant Police Officers nonetheless persisted in their efforts to harass and intimidate plaintiffs. Subsequently, Michael and Terrell were transported to the Central Booking where they were further detained for several hours before they were finally brought before a judge. Upon arraignment, Michael

and Terrell were charged with PL 221.05 'Unlawful possession of marihuana.'

17. That Michael and Terrell were eventually released, but subsequently returned to the Criminal Court to defend the false and malicious charges that were levied against them by the defendants. Subsequently, the court, without obtaining plaintiffs' prior consent, dismissed the false charges levied against Michael and Terrell on the basis of ACD.

18. That during the entire time while the plaintiffs were illegally arrested and unlawfully detained by the defendants as described herein, plaintiffs requested but were denied access to counsel, medication, essentials, food and drink, as well as contact and visitation by their friends and family.

19. That even though the defendants knew, or should have known based on the facts, that plaintiffs did not commit any crime or offense, they still proceeded to arrest and detain plaintiffs, and used excessive force to assault, detain, and imprison plaintiffs just to intimidate plaintiffs.

20. That at no time during the arrests were plaintiffs read their Miranda rights or allowed to make a phone call or inform their family that they had been arrested.

21. That plaintiffs were maliciously prosecuted without any just cause or reason, and with defendant Police Officers fully aware that plaintiffs were innocent of the charges against them at all times relevant.

22. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did plaintiffs trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

23. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of their body some or all of which may be permanent.

24. The illegal and unlawful arrests, plaintiffs' wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

25. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

26. As a direct and proximate result of plaintiffs' illegal and unlawful detention and confinement, plaintiffs have lived and continue to live in constant fear, continue to suffer from nightmares, are now fearful of stepping outside and whenever they see a police officer or are in the midst of police officers, plaintiffs suffer various emotional setbacks and attacks. Additionally, plaintiffs have been unable to function normally causing severe strain and breakdown in their personal relationships, in and outside of their home and family circles.

27. As a direct and proximate result of defendants' actions, plaintiffs were arrested and imprisoned without just or probable cause.

28. As a direct and proximate result of defendants' actions, plaintiffs were deprived of their due process rights, and rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

29. Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest. Additionally, defendant City of New York, acting through District Attorney Daniel M. Donovan, Jr. and the Office of the

District Attorney of the Richmond County, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions and the duty and or obligation of candor toward the court.

30.   That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

31.   The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to free speech, to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

32.   By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

33.   That plaintiffs' proprietary right to their good name and reputation was improperly and unlawfully attacked.

34.   That the conduct of the defendants as described herein degraded, ridiculed and exposed plaintiffs to physical and emotional harm.

35.   That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving plaintiffs of their

constitutional rights and their good name, were in violation of public policy, and were directed at depriving Ms. Charles of the normal companionship, solace and society of her husband, children and nephew.

36. That plaintiffs were and are still traumatized by the treatment at the hands of the defendants. They suffered and continue to suffer substantial financial hardship and severe emotional and mental distress as a result of the actions that gave rise to this lawsuit.

37. This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983 - all defendants

38. Plaintiffs hereby restate paragraphs 1-37 of this Complaint, as though fully set forth below

39. By detaining and imprisoning plaintiffs without justification, probable cause or reasonable suspicion, and using excessive force, defendants deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

40. In addition, the defendant Police Officers conspired with other individuals and among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41. The individual defendants named herein acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of the City of New York Police Department. Said acts by the individual defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual defendants acted willfully, knowingly, and with

the specific intent to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

Excessive Force – defendant Police Officers

43. Plaintiffs hereby restate paragraphs 1-42 of this Complaint, as though fully set forth below

44. In using excessive force, physically assaulting, tightly handcuffing, threatening, intimidating plaintiffs, the individual defendants, acting in their capacities as agents and officers of the City of New York Police Department, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

46. Plaintiffs hereby restate paragraphs 1-45 of this Complaint, as though fully set forth below

47. The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned plaintiffs.

48. The wrongful arrest, detention, and imprisonment of plaintiffs were carried out without a valid warrant, without plaintiffs' consent, and without probable cause or reasonable suspicion.

49. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning plaintiffs.

50. Throughout this period, plaintiffs were unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of their liberty, and imprisoned.

51. All of the foregoing occurred without any fault or provocation on the part of plaintiffs.

52. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward plaintiffs.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Malicious Prosecution - all defendants

54. Plaintiffs hereby restate paragraphs 1-53 of this Complaint, as though fully set forth below

55. Following their release from incarceration, Michael and Terrell returned to the Criminal Court on numerous occasions pursuant to court orders to defend the false and malicious charges that were levied against them by the defendants. Eventually, the court, without obtaining plaintiffs' prior consent, dismissed the false charges levied against Michael and Terrell on the basis of ACD.

56. As a result of defendants' actions plaintiffs were deprived of their liberty and due process rights and were restricted in their ability to travel and engage in their usual occupation and normal lifestyle.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Due Process Rights - all defendants

58. Plaintiffs hereby restate paragraphs 1-57 of this Complaint, as though fully set forth below

59.  The acts described herein had the intent and the effect of grossly humiliating and debasing the plaintiffs and inciting fear and anguish.

60.  These acts included, among other things, denial of food and water, subjection to strip naked and forced body cavity searches, sleep deprivation, lack of basic hygiene, exposure to prison inmates with history of violence and sexual abuse or depravation, exposure to violent aggressions, assault and harassment, denial of medical treatment and essentials, denial of access to medication and proper medical care, and denial of visitation and communication with family and friends.

61.  The defendants denied Michael the treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to Michael's need for medical treatment and care.

62.  Defendants are liable for said conduct in that defendants participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying plaintiffs their due process rights.

63.  Plaintiffs suffered severe immediate physical and psychological abuse as a result of the acts alleged herein. Plaintiffs continue to suffer profound physical and psychological trauma from the acts alleged herein.

64.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SIXTH CAUSE OF ACTION:

First Amendment Retaliation – defendant Police Officers

65.  Plaintiffs hereby restate paragraphs 1-64 of this Complaint, as though fully set forth below

66.  During the August 7, 2009 arrest, the moment Michael and Terrell informed defendant Police Officers that they did not have anything on them, defendant Police Officers became enraged and agitated, and subsequently arrested Michael and Terrell for informing them that they did not have anything

illegal on them. Additionally, the defendant Police Officers forced their way into plaintiffs' home on or about October 1, 2009, to further coerce, assault, harass, humiliate, intimidate, abuse and threaten them. Eventually, defendant Police Officers arrested Michael and Terrell for the second time on October 1, 2009, for informing them on August 7, 2009 that they did not have anything illegal on them.

67. Clearly, the actions of defendant Police Officers were motivated by plaintiffs' exercise of their rights and interest protected by the First Amendment, and the actions of defendant Police Officers effectively chilled the exercise of plaintiffs' rights.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A SEVENTH CAUSE OF ACTION:

Malicious Abuse of Process – defendant Police Officers

69. Plaintiffs hereby restate paragraphs 1-68 of this Complaint, as though fully set forth below

70. The defendant Police Officers arrested plaintiffs on various occasions and charged them with various criminal offenses in order to ensure that Michael and Terrell were incarcerated and thereby punish them for failing to provide them with the drugs and or the illegal substances they had demanded, which plaintiffs never had.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A EIGHTH CAUSE OF ACTION:

Illegal and Unreasonable Search & Seizure – defendant Police Officers

72. Plaintiffs hereby restate paragraphs 1-71 of this Complaint, as though fully set forth below

73. The defendant Police Officers wrongfully, illegally, unlawfully and unreasonably performed search of plaintiffs and plaintiffs' home.

74. The wrongful, illegal, unlawful and unreasonable search and seizure were carried out without warrant, without plaintiffs' consent and without probable cause or reasonable suspicion.

75. All of the foregoing occurred without any fault or provocation on the part of plaintiffs, and were in violation of the Fourth Amendment to United States Constitution.

76. The defendant Police Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward plaintiffs.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A NINTH CAUSE OF ACTION:

42 U.S.C. § 1985 – defendant Police Officers

78. Plaintiffs hereby restate paragraphs 1-77 of this Complaint, as though fully set forth below

79. In an effort to find fault against plaintiffs, the individual defendants conspired with other individuals and among themselves, and conspired to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

80. In light of the foregoing therefore, the individual defendants engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A TENTH CAUSE OF ACTION:

Loss of Rights To Familial Association – all defendants

82. Plaintiffs hereby restate paragraphs 1-81 of this Complaint, as though fully set forth below

83. The defendant police officers conspired with other individuals and among themselves to arrest the plaintiffs and deprive them of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

84. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States; in particular, the rights to familial association, to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

85. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

86. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A ELEVENTH CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 5, 8, 11 & 12 – all defendants

87. Plaintiffs hereby restate paragraphs 1-86 of this Complaint, as though fully set forth below

88. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting plaintiffs and depriving plaintiffs of equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

89. In addition, the individual defendants conspired with other individuals and among themselves to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

90. The individual defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution.

91. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

92. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A ELEVENTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

93. Plaintiffs hereby restate paragraphs 1-92 of this Complaint, as though fully set forth below

94. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

95. Plaintiffs' emotional distress has damaged their respective personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

96. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS A THIRTEENTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress - all defendants

97. Plaintiffs hereby restate paragraphs 1-96 of this Complaint, as though fully set forth below

98. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

99. Plaintiffs' emotional distress has damaged their respective personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

100. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS A FOURTEENTH CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - defendant City of New York

101. Plaintiffs hereby restate paragraphs 1-100 of this Complaint, as though fully set forth below

102. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to

plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

103. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

104. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant Police Officers were not prudent and were potentially dangerous.

105. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant Police Officers proximately caused plaintiffs' injuries.

106. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant Police Officers, plaintiffs incurred and sustained significant and lasting injuries.

## AS A FIFTEENTH CAUSE OF ACTION:

Loss of Consortium - all defendants

107. Plaintiffs hereby restate paragraphs 1-106 of this Complaint, as though fully set forth below

108. During the entire time while plaintiffs were detained and or incarcerated, Ms. Charles continued to worry and was highly concerned about her husband, children and nephew.

109. As a direct and proximate result of plaintiffs' illegal and unlawful detention and confinement, Ms. Charles has lived and continues to live in constant fear, continues to suffer from nightmares, is fearful of stepping outside and now suffers various emotional setbacks and attacks. Additionally, Ms. Charles has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home and family circles.

110. As a direct and proximate result of plaintiffs' illegal and unlawful detention and confinement, Ms. Charles was and continues to be deprived of the normal companionship, solace and society of her husband, children and nephew.

111. As a direct and proximate result of the misconduct and abuse of authority detailed above, Ms. Charles sustained the damages herein-before stated.

## RESPONDEAT SUPERIOR

112. Defendants, their officers, agents, servants, and employees are responsible for the damages suffered by plaintiffs; defendant City of New York, as employer of the defendant Police Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

**WHEREFORE**, plaintiffs respectfully request judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the individual defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the individual defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

8. On the Eighth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

9. On the Ninth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

10. On the Tenth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

11. On the Eleventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

12. On the Twelfth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

13. On the Thirteenth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

14. On the Fourteenth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial;

15. On the Fifteenth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial; and

16. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   Brooklyn, New York
         July 23, 2010

Respectfully submitted,

/s/

By: _____
Ugochukwu Uzoh [UU-9076]
255 Livingston Street,4th Floor
Brooklyn, New York 11217
Tel. No.  : (718) 874-6045
Fax No.   : (718) 576-2685

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DENARD BROWN, BENEDICTA CHARLES, MICHAEL PERCHIANO, TERRELL
ERSKINE, an infant under the age of 18 years, by his aunt and legal guardian,
BENEDICTA CHARLES, SHAQUISHA BROWN, an infant under the age of 18 years,
by her mother and natural guardian, BENEDICTA CHARLES,

Plaintiff(s),

against

THE CITY OF NEW YORK, P.O. RODRIGUEZ, P.O. VINCENT LOPICCOLO
[SHIELD# 522], P.O. MICHAEL ZAK [SHIELD# 30490], P.O. JON FAHIM
[SHIELD# 31415], JOHN DOE and JANE   DOE,

Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(s) For:_____

---