UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
DENARD BROWN, BENEDICTA
CHARLES, MICHAEL PERCHIANO,
TERRELL ERSKINE, an infant under the
age of 18 years, by his aunt and legal
guardian BENEDICTA CHARLES, and
SHAQUISHA BROWN, an infant under
the age of 18 years, by her mother and
natural guardian BENEDICTA CHARLES,

                 Plaintiffs,         **REPORT & RECOMMENDATION**

        -against-                  10-CV-00634 (RRM) (RER)

CITY OF NEW YORK, et al.,

                 Defendants.
--------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      Denard Brown, Benedicta Charles, Michael Perchiano, Terrell Erskine, and Shaquisha Brown, an infant under the age of 18 years, by her stepmother and legal guardian Benedicta Charles[1] (collectively, "Plaintiffs") brought this action against the City of New York, Police Officers Vincent Lopiccolo, Michael Zak, and Jon Fahim, (collectively, "Defendants"),[2] alleging violations 42 U.S.C. §§ 1983 and 1985 and New York law, stemming from their unlawful arrest and detention by Defendants. (Amended Compl. ¶¶ 1-2.) The parties advised the Court that a settlement had been reached as of October 6, 2010. (Docket No. 10.) Shortly thereafter, Plaintiffs made the instant motion for approval of an infant compromise, pursuant to Local Rule

---

[1] Despite the language in the case caption, Erskine has since turned 18 and Benedicta is in fact Shaquisha's stepmother and legal guardian. (*See* Affirmation in Support of Motion to Settle the Claims of an Infant, dated Oct. 15, 2010, n.1, 2; Affidavit of Parent and Legal Guardian in Support of Motion to Settle the Claims of an Infant, dated Oct. 15, 2010, ¶ 1.)

[2] Plaintiffs also named Jane and John Doe for individuals whose identities were unknown.

83.2 (a), (Docket No. 11), which the Honorable Roslynn R. Mauskopf referred to me for report and recommendation, (Docket Entry, 10/15/2010).

For the reasons herein, I respectfully recommend that the infant compromise be approved and Plaintiffs' motion granted.

## BACKGROUND

### I. Factual Allegations

Briefly, the allegations in the complaint relevant to the infant plaintiff are:

Following an incident in August 2009 involving the arrest, detention and prosecution of only Michael and Terrell, (Amended Compl. ¶¶ 9-13), in October 2009, police officers forcibly entered Plaintiffs' home with guns drawn and handcuffed Denard, Shaquisha, Michael and Terrell, all of whom were home at the time. (*Id.* at ¶ 14.) Throughout the course of the incident, officers inquired as to the location of drugs and searched the house (without apparent probable cause)—damaging Plaintiffs' property in the process. (*Id.* at ¶ 15.) While handcuffed, Shaquisha and Denard complained to the officers that the cuffs were cutting into their skin and asked that the cuffs be loosened, to which no officer responded. (*Id.* at ¶ 14.) The officers found nothing in the home, but arrested and charged Michael and Terrell with possession of marijuana for which the court eventually ordered that the charges be Adjourned in Contemplation of Dismissal ("ACD").[3] (*Id.* at ¶ 16-17.)

On the basis of these allegations, Plaintiffs' brought this action, *inter alia*, for excessive force, false arrest/imprisonment, and fourth amendment search and seizure violations.

---

[3] Pursuant to New York Criminal Procedure Law § 170.55, a New York criminal court may order ACD upon the parties' motion or its own prerogative with the parties' consent, which triggers the release of the accused into his own recognizance and requires the prosecution to apply to the court within 6 months or a year to restore the case. Such application not being made results in the accusatory instrument being deemed as dismissed in the interests of justice.

## II. Terms of Infant Compromise

The action commenced February 12, 2010, (Docket No. 1), and by this Court's July 2010 telephone conference, the parties had begun settlement negotiations, (Docket Entry, 7/15/2010). On October 15, 2010—having already informed the Court that the parties had reached a settlement—Plaintiffs submitted this motion for approval of the infant compromise and laid out the terms of Shaquisha's settlement. (Docket No. 11.)

Defendants' offered to compensate Shaquisha in the amount of $1,000 for her part in the above-enunciated incident. (Affirmation in Support of Motion to Settle the Claims of an Infant, dated Oct. 15, 2010, ¶ 7.) Counsel recommended to Shaquisha's legal guardian, Benedicta, that the settlement be accepted as it appeared reasonable given the facts and circumstances of the case, and as it obviated the need for continued litigation and related inherent risks. (*Id.*) Counsel also indicated that he waived all fees, charges, and disbursements with respect to the infant's settlement offer, so that the entire sum will pass to her. (*Id.* at ¶ 8.)

Benedicta, the infant's stepmother and legal guardian, requests that this Court grant the motion because she finds the offer to be fair and equitable in light of her daughter's claims. (Affidavit of Parent and Legal Guardian in Support of Motion to Settle the Claims of an Infant ("Parent Aff."), dated Oct. 15, 2010, ¶ 13.) She bases this decision on the legal advice received from counsel and the facts that the action was commenced primarily with Michael and Terrell in mind since they were the most severely affected, that Shaquisha was detained only a short time and suffered no physical injuries, and that Denard was restrained under the same circumstances and is accepting the same amount to settle the matter. (*Id.* at ¶ 14-17.) She also notes that counsel has waived all fees, charges and disbursements for Shaquisha's claim. (*Id.* at ¶ 18.)

3

Benedicta[4] proposes to hold the settlement proceeds for Shaquisha's use and benefit pursuant to New York Civil Practice Law and Rules ("CPLR") 1206. (*Id.* at ¶ 19.)

## DISCUSSION

Upon a properly supported motion, a court may approve an infant compromise if the terms are "fair, reasonable, and adequate" compared to "the likely rewards of litigation." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999). "A strong presumption exists that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently . . . .'" *Jurdine ex rel. Jurdine v. City of New York*, No. 07-CV-2915, 2008 WL 974650, *3 (E.D.N.Y. Apr. 8, 2008) (quoting *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y.1988)). Moreover, New York courts recognize a presumption that the infant's guardian is acting in her best interests. *See, e.g.*, *id.* (according deference to the guardian's views of settlement); *Allstate Ins. Co. v. Williams*, No. 04-CV-4575, 2006 WL 2711538, *2 (E.D.N.Y. Sept. 21, 2006) (recognizing that deference should be given to a guardian's view of the fairness of settlement); *Stahl v. Rhee*, 220 A.D.2d 39, 45 (2d Dep't 1996) ("In a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail.").

Here, taking into consideration the likely reward of continuing litigation and the offered settlement, the $1,000 offer to Shaquisha is fair, reasonable and adequate. She and her stepmother have been represented by counsel throughout negotiations, and Benedicta views the

---

[4] Benedicta has settled her own claims with Defendants, and noted the terms and amount in her submissions as required by CPLR 1208. (*See* Parent Aff. ¶ 12.)

settlement as fair—a view which should be heavily weighed in the Court's decision.  And upon independently reviewing the facts, I come to the same conclusion.  In light of the short time Shaquisha was alleged to be detained and the lack of physical injuries sustained, continuing litigation would not likely lead to anything more than *de minimis* damages even if all her allegations were found to be true.  Moreover, that counsel has agreed to waive all fees as to Shaquisha's claim, allowing her to recover the full amount, goes even further to the reasonableness of settlement.  Since Shaquisha's damages would likely be minimal in any event, it is in her best interest to settle at this juncture..

## **CONCLUSION**

Based on all of the foregoing, I respectfully recommend that Plaintiffs' motion be granted.  I further recommend that the Court order the settlement proceeds be distributed to Benedicta to hold for Shaquisha's use and benefit pursuant to CPLR 1206(b).

**Dated: January 7, 2011**
  **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**